UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | 3:12-cv-00571-RCJ-WGC |
| DOUGLAS WEILBURG, | ) ) | **ORDER** |
| Defendant. | ) ) ) | |

This case arises out of the refusal of a landlord to rent a house to a person with allergies. Pending before the Court is a Motion to Dismiss (ECF No. 3). For the reasons given herein, the Court grants the motion.

## I.  FACTS AND PROCEDURAL HISTORY

On or about February 18, 2011, Natalie Meredith, who has hypersensitivity to mold, fungus, and other allergens, contacted Defendant Douglas Weilburg concerning his advertisement to rent a single-family house at 521 G St. in Sparks, NV (the "House"). (Compl. ¶¶ 7–8, Oct. 26, 2012, ECF No. 1). Meredith emailed Weilburg on March 10, informing him that she wanted to rent the House when it became available, and Weilburg replied by email on March 16, informing Meredith that renovations would be complete by mid-April. (*Id.* ¶¶ 11–12). Weilburg emailed Meredith again on March 30, informing her that the House would be available to move into on approximately April 15 and that she should contact him if she wished to view

the House. (*Id.* ¶ 13). Meredith met Weilburg at the House on March 31, and Meredith informed Weilburg about her allergies. (*Id.* ¶ 14). On April 9, Weilburg emailed Meredith to inform her that renovations would not be complete until May 15, but he emailed her again on April 11 to inform her that "The property at 521 G Street is promised to you." (*Id.* ¶¶ 16–17). On May 10, Meredith emailed Weilburg to ask if she could arrange for a professional cleaning of the House's heating vents at her own expense due to her respiratory problems, and Weilburg agreed via email the same day. (*Id.* ¶¶ 19–20). Meredith arranged for a subcontractor of Truckee Meadows Indoor Air Quality to perform the service at the House on May 13, but when the subcontractor arrived Weilburg sent him away. (*Id.* ¶¶ 19, 21–22). Weilburg then called Meredith and told her, "You have allergies[,] and I am not comfortable renting to you anymore." (*Id.* ¶ 23). When Meredith's mother called Weilburg later that day for clarification, Weilburg told her he would not rent to Meredith because, "I do not feel comfortable with her having allergies." (*Id.* ¶ 24).

Meredith filed a fair housing complaint (the "FHC") with the Department of Housing and Urban Development ("HUD") on or about August 11, alleging that Weilburg had discriminated against her based upon her disability. (*Id.* ¶ 26). During the HUD investigation, Weilburg stated that he refused to rent the House to Meredith because he believed she was prone to passing out due to dust or mold emitted from the heater, and that if she passed out while the electric range was on, she or others could be harmed by a resulting fire. (*Id.* ¶ 25). The HUD Secretary determined there was reasonable cause to believe Weilburg had violated the fair housing laws and therefore issued a Charge of Discrimination ("COD") on or about September 5, 2012. (*Id.* ¶ 27). On or about September 26, Weilburg elected to have the claims resolved via a civil action, and the administrative law judge therefore issued a Notice of Election to Proceed in United States District Court (the "Notice") and terminated the administrative proceeding. (*Id.* ¶ 28). The Secretary then authorized the Attorney General to bring the present action. (*Id.* ¶ 29).

The United States of America sued Weilburg in this Court on two causes of action (1) discrimination under 42 U.S.C. § 3604(f)(1)(A); and (2) discriminatory publication under § 3604(c). Defendant has moved to dismiss for lack of jurisdiction and failure to state a claim.[1]

## II.   LEGAL STANDARDS

> When a charge is filed under section 3610 of this title, a complainant, a respondent, or an aggrieved person on whose behalf the complaint was filed, may elect to have the claims asserted in that charge decided in a civil action under subsection (o) of this section in lieu of a hearing under subsection (b) of this section.

42 U.S.C. § 3612(a).

> If an election is made under subsection (a) of this section, the Secretary shall authorize, and not later than 30 days after the election is made the Attorney General shall commence and maintain, a civil action on behalf of the aggrieved person in a United States district court seeking relief under this subsection.

*Id.* § 3612(o)(1).

## III.   ANALYSIS

After election of a civil action, a suit must be filed "not later than 30 days after the election is made." *Id.* Weilburg argues that the thirty-day limitation under § 3612(o)(1) for the Attorney General to file an action after election of a civil action under § 3612(a) is jurisdictional, and that because the Attorney General filed the present Complaint on October 26, 2012, thirty-one days after the Notice was filed and served on September 25, 2012, the Complaint is untimely regardless of whether the Court has jurisdiction to hear it.

Weilburg provides a copy of the Notice and a certificate of service thereof, both dated September 25, 2012. (*See* Notice, Sept. 25, 2012, ECF No. 3-2). The Court takes judicial notice of the facts that the United States filed the Complaint in this Court on October 26, 2012 (thirty-one days later), that October 26, 2012 was a Friday, and that October 25, 2012 was not a court holiday.

---

[1] Although the Motion to Dismiss asserts both reasons in the introduction, Weilburg makes only jurisdictional arguments in the body of the motion.

The remaining questions are whether the thirty-day limitation in § 3612(o)(1) is jurisdictional, and if not, whether waiver, estoppel, or tolling applies in this case. *Cf. Zipes v. TWA*, 455 U.S. 385, 393–94 (1982); *Surrell v. Cal. Water Serv. Co.*, 518 F.3d 1097, 1104–05 (9th Cir. 2008) (citing *id.*). The question turns upon whether the time limitation appears in the section of the code creating jurisdiction in the district courts. *See Zipes*, 455 U.S. at 393–94 ("The provision granting district courts jurisdiction under Title VII, 42 U.S.C. §§ 2000e-5(e) and (f), does not limit jurisdiction to those cases in which there has been a timely filing with the EEOC. It contains no reference to the timely-filing requirement. The provision specifying the time for filing charges with the EEOC appears as an entirely separate provision, and it does not speak in jurisdictional terms or refer in any way to the jurisdiction of the district courts.").

Here, the thirty-day limitation appears in the same subsection of the code wherein the civil action option is created and the United States District Court is named. *See* 42 U.S.C. § 3612(o)(1). On the other hand, the word "jurisdiction" does not appear in the subsection. The Court rules that the limitation is not jurisdictional, but that there is no reason to excuse the untimely filing in the present case. The United States points to no circumstances plausibly implying waiver, estoppel, or tolling. As to waiver, Weilburg has argued a lack of jurisdiction in his first appearance in the case. As to estoppel, the United States identifies no circumstances indicating why Weilburg should be estopped from making his jurisdictional argument. The fact that he chose the present forum is no argument for estoppel. Weilburg might be estopped to argue that this Court had no subject matter jurisdiction at all after having elected to have the case heard here (and if the United States had timely filed the Complaint). But Weilburg argues only that the Complaint is untimely, and he is not estopped from making this argument simply because he willfully subjected himself to this Court's jurisdiction as a general matter. The thirty-day limitation applies *only* upon an election of the present forum, so to say that a respondent is estopped from asserting the time limitation because he has chosen this forum would divest

§ 3612(o)(1) of any application in any case, rendering it meaningless.  Finally, there are no reasons favoring equitable tolling in this case.

In response, the United States argues that because it filed the Complaint within thirty days of HUD's docket clerk receiving the Notice during regular business hours, it was timely.  The United States notes that the regulations provide that "[d]ocuments are not *filed* until received by the docket clerk." 24 C.F.R. § 180.405(d) (emphasis added).  The Court rejects this argument.  The agency may define "filing" for the purposes of its own internal administration, but it may not amend the statute.  The statute of limitations does not speak in terms of when a notice is "filed."  It speaks in terms of when an election is made. *See* 42 U.S.C. § 3612(o)(1) (permitting commencement of a civil action "not later than 30 days after *the election is made*" (emphasis added)).[2]  If an election is made on a given day, that is determinative under the statute; it does not matter on what date HUD considers the election to have been "filed."  And so long as the United States has enough time after receiving notice of an election that it can file an action within thirty days of when the election was made, there is no reason to toll the statute.[3]  The United States admits that HUD received a fax of the Notice in this case after business hours on September 25, 2012, such that it was arguably "filed" under the HUD regulations governing pre-hearing proceedings on September 26, 2012, although it is clear the election was made on September 25,

---

[2]Section 180.405(d) does not even appear to apply in the present context.  It appears in a subpart of the regulations entitled "Proceedings Prior to Hearing."  HUD's own regulations applying to pre-hearing agency proceedings have nothing to do with statutory limitations on actions to be filed when civil jurisdiction is elected in lieu of administrative adjudication.

[3]For example, if a defendant were to make an election on 1 January but some technological transmission error, or even a defendant's bad faith tactics, were to delay notification to HUD until January 29, it would be appropriate to toll the statute for a reasonable number of days for the United States to draft and file a complaint.  But here, even under its own argument as to when the election was received, the United States had twenty-nine days to draft and file the Complaint after receiving the election, which was both made and faxed on September 25th.

2012. In other words, the United States admits having actual notice no later than September 26 that the election was made and transmitted on September 25, and it then had twenty-nine days to file the Complaint within thirty days of the date of that election. Tolling is not warranted under these circumstances.

Nor does Defendant's failure to challenge the administrative law judge's alleged statement of the election date as September 26 waive the argument. The administrative law judge did not adjudicate anything for this court to review. An agency's administrative communication to a litigant does not constitute an adversarial quasi-judicial ruling to which a defendant must preserve objections, as an adjudication of the present case on the merits by an administrative law judge would.

Moreover, the statute of limitations issue was not even ripe until the United States filed the Complaint. A litigant need not raise a prospective objection to an unripe issue. It would be as if a court were to rule, for example, that a habeas corpus petitioner's AEDPA arguments were waived because he failed to object in the trial court to the date on the criminal judgment against him before filing his federal habeas corpus action. The date of the earlier event is meaningless outside of the context of the date of the later action with which the date of the earlier action is compared under a statute of limitations.

## CONCLUSION

IT IS HEREBY ORDERED that the Motion to Dismiss (ECF No. 3) is GRANTED. The Court has subject matter jurisdiction and dismisses the case for untimeliness.

IT IS FURTHER ORDERED that the Clerk shall enter Judgment and close the case.

IT IS SO ORDERED.

Dated this 11th day of March, 2013.

_____
ROBERT C. JONES
United States District Judge